NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CASEY TADIOS,

Defendant-Appellant.

No.    20-10434

D.C. No. 1:18-cr-00044-HG-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Casey Tadios appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Tadios contends that the district court erred by relying on U.S.S.G. § 1B1.13

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Tadios's
motion to expedite this appeal without oral argument is granted.

as an applicable policy statement. Although the district court incorrectly cited § 1B1.13 as an applicable policy statement, *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (§ 1B1.13 is not an applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant), the court also found that it had the discretion to consider reasons beyond those provided in the Guideline and it then proceeded to consider all of the arguments Tadios advanced in support of his motion.[1] Thus, any error in applying § 1B1.13 was harmless.

In any event, the district court also denied Tadios's motion on the basis of the 18 U.S.C. § 3553(a) factors, which provide an independent reason for denying a compassionate release motion. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A] district court that properly *denies* compassionate release need not evaluate each step."). Contrary to Tadios's argument, the district court did not err in its § 3553(a) analysis. The record reflects that the court applied the correct legal standard, explicitly considered several of the § 3553(a) factors, and reasonably concluded that they did not support release. Accordingly, the district court did not abuse its discretion by denying Tadios's motion. *See Aruda*, 993

---

[1] To the extent Tadios faults the district court for failing to consider changes in sentencing law as a reason to grant compassionate release, the record reflects that Tadios did not make that argument before the district court. Furthermore, even if a change in sentencing law is a proper consideration in compassionate release proceedings, Tadios fails to identify on appeal any such change applicable to his case.

F.3d at 799 (stating standard of review); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED.**